IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| BONNIE BUFFORD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 118-034 |
| | ) | |
| ANDREW SAUL, Commissioner of Social Security Administration, | ) ) | |
| | ) | |
| Defendant. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Before the Court is Plaintiff's motion for attorneys' fees and amended motion for attorneys' fees pursuant to the Equal Access to Justice Act ("EAJA"). (Doc. nos. 26, 28.) For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Plaintiff's original motion for attorneys' fees be **DENIED AS MOOT**, (doc. no. 26), Plaintiff's amended motion for attorneys' fees be **GRANTED IN PART**, (doc. no. 28), and Plaintiff be **AWARDED** attorneys' fees in the amount of $5,399.73.

**I.  BACKGROUND**

On July 10, 2019, Plaintiff filed his first motion for attorneys' fees requesting $11,084.17 for 54.90 hours expended by attorneys Charles L. Martin and Michel Phillips. (Doc. nos. 26-3.) Because attorney Michel Phillips is not admitted to practice before this Court, either as a member or by *pro hac vice* admission in the case *sub judice*, on July 26, 2019, the Court ordered Plaintiff to "submit a recalculation of the fees sought in this matter,

which calculates Mr. Phillips's time at paralegal rates, along with any information concerning reasonable paralegal rates . . . ." (Doc. no. 27.) Said order is consistent with prior orders issued in cases involving the same Plaintiff's counsel finding paralegal rates apply to attorneys not admitted to practice law in this Court. See Heard v. Berryhill, CV 117-113, 2019 WL 1292299, at *1 (S.D. Ga. Mar. 20, 2019), *appeal docketed*, No. 19-11946 (11th Cir. May 17, 2019); Callaway v. Berryhill, CV 115-166, 2019 WL 591461, at *1 (S.D. Ga. Feb. 13, 2019), *appeal docketed*, No. 19-11417 (11th Cir. Apr. 12, 2019)[1]; see also Jones v. Saul, CV 118-010, 2019 WL 4879135, *2 (S.D. Ga. July 1, 2019), *adopted by* 2019 WL 4877620 (S.D. Ga. Oct. 2, 2019) (Hall, C.J.), *appeal docketed*, No. 19-14734 (11th Cir. Nov. 27, 2019). Plaintiff's counsel did not recalculate the fee request utilizing paralegal rates for Mr. Phillips's time. Instead, the amended fee petition dated August 2, 2019, insists on the same fee amount based on affidavits from attorneys arguing an attorney rate should apply to Mr. Phillips's work despite the undisputed fact he is not admitted to practice law in this Court. (Doc. no. 28.) Notably, on October 2, 2019, Chief United States District Judge J. Randall Hall ordered Plaintiff's counsel to "not file a fee petition in the Southern District of Georgia requesting compensation for . . . any other attorney not admitted to practice before this Court[] without acknowledging this Court's determination paralegal rates apply and providing a calculation of [the] time at paralegal rates" in Jones, 2019 WL 4877620.

## II. DISCUSSION

The EAJA provides that "a court shall award to a prevailing party, other than the United States, fees and other expenses, in addition to any costs awarded . . . unless the court finds that the position of the United States was substantially justified or that special

---

[1] The Eleventh Circuit consolidated the appeals in Callaway and Heard. See Callaway, No. 19-11417, *slip op*. at 1 (11th Cir. June 18, 2019).

circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). A district court can reduce EAJA fees for attorneys who are not members of the court's bar and do not move for *pro hac vice* admission. See Zech v. Comm'r of Soc. Sec., 680 F. App'x 858, 859-60 (11th Cir. 2017) (*per curiam*) (finding no abuse of discretion in reducing compensation rates of two attorneys to paralegal rates because attorneys were not admitted to bar of court and did not move for *pro hac vice* admission despite existence of local rules containing requirements for appearing and participating in cases); Heard, 2019 WL 1292299 (applying paralegal rate to services of non-admitted attorney) (Hall, C.J.); Callaway v. Berryhill, CV 115-166, 2017 WL 10821425, *treated as Report and Recommendation and adopted by*, 2019 WL 591461 (S.D. Ga. Feb. 13, 2019) (Hall, C.J.) (same); see also Zabala v. Comm'r of Soc. Sec., No. 6:17cv-628, 2018 WL 6589837, at *2 (M.D. Fla. Dec. 14, 2018) (collecting cases supporting application of "paralegal rate to services of non-admitted attorney in cases, where, as here, admission was never sought"). District courts retain discretion to award compensation within a wide range of permissible options. Zech, 680 F. App'x at 860.

Here, the only attorney of record for Plaintiff is Mr. Martin. Because Mr. Phillips is not admitted to practice law as a member of this Court and has not sought *pro hac vice* admission in the case *sub judice*, the Court exercises its discretion to recommend compensation at a paralegal rate. Plaintiff's counsel's blatant disregard of the Court's July 26th Order is inexcusable and a solid foundation for denying the fee request in its entirety. Instead, however, the Court will merely reduce the fee request by applying a reasonable paralegal rate to Mr. Phillips's time. The rate at which paralegal services are to be compensated must be in line with "prevailing market rates." See Richlin Sec. Serv. Co. v. Chertoff, 553 U.S. 571, 590 (2008). Plaintiff failed to provide any evidence establishing the

3

prevailing market rate for paralegals.  The Court applies an hourly rate of $75.00, an amount found to be reasonable for paralegal time in this District.  Horton v. Saul, CV 417-199, 2019 WL 6040184, at *2 (S.D. Ga. Nov. 13, 2019); Jones, 2019 WL 4879135, *2; Heard, 2019 WL 1292299, at *1; Callaway, 2019 WL 591461, at *1.

Accordingly, the Court recommends granting in part Plaintiff's motion, (doc. no. 28), and awarding attorneys' fees in the amount of $5,399.73, based on the following:

Mr. Martin-   $2,039.73

> 2.5 hours @ $199.90
> 2.6 hours @ $202.43
> 4.0 hours @ $202.66
> 1 hour @ $203.02

Mr. Phillips-  $3,360

> 44.8 hours @ $75.00.

### B.     The Fees Are Payable to Plaintiff

In Astrue v. Ratliff, 560 U.S. 586, 589 (2010), the Supreme Court held, based on the "plain text" of 28 U.S.C. § 2412(d), that an EAJA award "is payable to the litigant and is therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes the United States."  Based on Ratliff, the proper course is to "award the EAJA fees directly to Plaintiff as the prevailing party and remain silent regarding the direction of payment of those fees."  Bostic v. Comm'r of Soc. Sec., 858 F. Supp. 2d 1301, 1306 (M.D. Fla. 2011). Indeed, this approach has been followed in this District.  See Shank v. Berryhill, CV 116-030, doc. no. 20 (S.D. Ga. May 24, 2017) (awarding EAJA fees to plaintiff without directing payment to counsel despite plaintiff's assignment of award to counsel); Brown v. Astrue, CV 411-152, doc. no. 24 (S.D. Ga. Mar. 4, 2013) (same); Scott v. Colvin, CV 313-004, doc. no. 26 (S.D. Ga. Nov. 11, 2013) (same).

In accord with this practice, the Court recommends awarding the EAJA fees to Plaintiff, subject to offset by any debt owed by Plaintiff to the United States. The Court leaves it "to the discretion of the government to accept Plaintiff's assignment of EAJA Fees and pay fees directly to Plaintiff['s] counsel after a determination that Plaintiff does not owe a federal debt." Bostic, 858 F. Supp. 2d at 1306; see also Robinson v. Comm'r of Soc. Sec., No. 8:13-CV-2073-T-23TGW, 2015 WL 176027, at *1 (M.D. Fla. Jan. 13, 2015) (allowing EAJA fees "to be paid by virtue of a fee assignment, to plaintiff's counsel by the defendant if the plaintiff does not owe a debt to the United States Department of the Treasury"); Griffin v. Astrue, No. 1:10cv115, 2010 WL 5211548, at *3 (W.D.N.C. Dec. 16, 2010) ("There is nothing in Ratliff to indicate that it is intended to divest the government of its discretion to enter into direct payment arrangements where there is no debt to the government or where funds remain after satisfaction of such debt.").

## II. CONCLUSION

Accordingly, the Court **REPORTS** and **RECOMMENDS** Plaintiff's original motion for attorneys' fees be **DENIED AS MOOT**, (doc. no. 26), Plaintiff's amended motion for attorneys' fees be **GRANTED IN PART**, (doc. no. 28), and Plaintiff be **AWARDED** attorneys' fees in the amount of $5,399.73.

SO REPORTED and RECOMMENDED this 14th day of January, 2020, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA